**IN THE COURT OF APPEALS OF IOWA**

No. 16-0115
Filed September 28, 2016

**MICHAEL BURNETT WEATHERSPOON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D. Weiland, Judge.

Applicant appeals the district court decision denying his application for postconviction relief from his conviction for first-degree murder. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Michael Weatherspoon appeals the district court decision denying his application for postconviction relief from his conviction for first-degree murder. We find the grounds raised in this postconviction application were fully adjudicated in prior proceedings and they may not be the basis for relief in this action. We affirm the decision of the district court denying Weatherspoon's application for postconviction relief.

### I.      Background Facts & Proceedings

Weatherspoon was convicted of first-degree murder for the death of Jerry Dean. While Weatherspoon and Dean were arguing, Dean picked up a sheathed knife and approached Weatherspoon. Weatherspoon was able to gain control of the knife and stabbed Dean fourteen times, causing Dean's death. Weatherspoon presented a defense of justification, or self-defense. At the time of the incident, Dean was fifty-five years old, had disabling diseases, and was intoxicated. Weatherspoon was then twenty-eight years old. Weatherspoon's first-degree murder conviction was affirmed on appeal. *State v. Weatherspoon*, No. 98-2214, 2000 WL 328056, at *3 (Iowa Ct. App. Mar. 29, 2000). Procedendo was issued on July 17, 2000.

In Weatherspoon's first application for postconviction relief, he claimed he received ineffective assistance because defense counsel did not challenge the trial court's exclusion of certain witnesses, including Dean's psychiatrist. On appeal, we found the psychiatrist, "would have offered testimony about Dean's psychiatric condition and his impulsive, violent tendencies." *Weatherspoon v. State*, No. 03-0498, 2005 WL 723883, at *2 (Iowa Ct. App. Mar. 31, 2005). We

found Weatherspoon was not prejudiced because "the evidence overwhelmingly demonstrates that even though Dean was the first aggressor, Weatherspoon defended himself with an unreasonable amount of force, thereby negating any reliance on self-defense as justification for his actions." *Id.* We concluded Weatherspoon had not shown he received ineffective assistance of counsel. *Id.*

Weatherspoon's second application for postconviction relief was filed in November 2010 and was denied on the ground it was untimely. *Weatherspoon v. State*, No. 13-0094, 2014 WL 250243, at *1 (Iowa Ct. App. Jan. 23, 2014). We noted, "the district court rejected Weatherspoon's claim on the basis that he cannot show he was prejudiced by his lack of access to the victim's mental health records," and "even if Weatherspoon had full access to the mental health records of Dean before his criminal trial, it would have had no impact on the deliberations or verdict of the jury." *Id.*

Weatherspoon filed his third application for postconviction relief on July 20, 2015, claiming he received ineffective assistance because defense counsel did not present evidence of Dean's serious mental health problems during the criminal trial, which he believes would have supported his defense of justification. The district court denied the application, stating, "[t]he claims raised by the applicant have been addressed by trial and appellate courts in his previous postconviction actions, as well as on direct appeal of his criminal conviction. He raises no new grounds and has stated no claims upon which

relief can be granted."[1]  The court also denied Weatherspoon's motion pursuant to Iowa Rule of Civil Procedure 1.904(2).  Weatherspoon appeals.

## II.     Standard of Review

We review claims of ineffective assistance of counsel de novo.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  "To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice," and these elements must be proven by a preponderance of the evidence.  *Id*. at 142.  "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently."  *Id*.

## III.    Ineffective Assistance

**A.**     On appeal, Weatherspoon claims he received ineffective assistance because defense counsel did not seek an in camera review of Dean's medical and mental health records under Iowa Code section 622.10(4).  Weatherspoon relies upon *State v. Neiderbach*, 837 N.W.2d 180, 195-96 (Iowa 2013), to argue section 622.10(4) should be applied retroactively.[2]  Even if we were to assume defense counsel breached an essential duty as alleged by Weatherspoon, we have already determined Weatherspoon was not prejudiced by counsel's failure to present Dean's mental health records during the trial.  *See*

---

[1] Although Weatherspoon's third application for postconviction relief is untimely on its face, the district court did not dismiss it for untimeliness but dismissed it on the ground the issues had already been adjudicated, which relates to Iowa Code section 822.8 (2015).  Therefore, we also do not address the ground of untimeliness.

[2] We note *Neiderbach*, 837 N.W.2d at 194-95, retroactively applied section 622.10(4) to a case that was still involved in pretrial proceedings at the time the statute was enacted in 2011.  *Neiderbach* does not state the statute should be applied retroactively to criminal proceedings which took place more than ten years before the statute was enacted.

*Weatherspoon*, 2014 WL 250243, at *1; *Weatherspoon*, 2005 WL 723883, at *2. The grounds raised in this postconviction application were fully adjudicated in prior proceedings and they may not be the basis for this or any subsequent application. *See* Iowa Code § 822.8.

**B.** In a pro se brief, Weatherspoon claims (1) he was denied due process because the district court denied his postconviction application; (2) he was denied due process because the court did not address his pro se issues in ruling on his rule 1.904(2) motion; and (3) he received ineffective assistance from postconviction counsel. We addressed the application for postconviction relief above. The issues raised in Weatherspoon's rule 1.904(2) motion are the same as those he raised on appeal, and therefore, are denied for the same reasons. Also, for the same reasons Weatherspoon is unable to show he was prejudiced by defense counsel, he is unable to show he was prejudiced by postconviction counsel. As we found in Weatherspoon's first postconviction action, there was overwhelming evidence to negate his claim he acted in self-defense. *Weatherspoon*, 2005 WL 723883, at *2.

We affirm the decision of the district court denying Weatherspoon's application for postconviction relief.

**AFFIRMED.**